LAZARE POTTER GIACOVAS & KRANJAC LLP
950 Third Avenue
New York, New York 10022
(212) 758-9300
Stephen M. Lazare, Esq. (SL-2243)
Marci Goldstein, Esq. (MG-1951)

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FURNISHED QUARTERS LLC,

            Plaintiff,          08 CV 2919 (LAP) (FM)

  - against -                     **ANSWER**

THE ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

            Defendant.

       Defendant St. Paul Fire and Marine Insurance Company ("St. Paul"), by and through its attorneys Lazare Potter Giacovas & Kranjac LLP, hereby answers Plaintiff Furnished Quarters LLC's ("Plaintiff" or "Furnished Quarters") Verified Complaint (the "Complaint") as follows:

       1.    Denies the allegations contained in paragraph 1 of the Complaint, and further states that St. Paul properly and justifiably denied coverage to Plaintiff in connection with the underlying Greater New York a/s/o M-1 Property LLC action (the "Underlying Action"), and hereby again declines to extend coverage, and denies all remaining allegations.

       2.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 4, 6 and 9 of the Complaint.

1

3. Denies the allegations contained in paragraph 3 of the Complaint, except admits that St. Paul is a foreign corporation that is authorized to do business in the State of New York, and denies all remaining allegations.

4. Denies the allegations contained in paragraph 5 of the Complaint, except admits that St. Paul issued a policy of insurance (no. CK06503666), which extends coverage to Furnished Quarters, effective June 1, 2002 to June 1, 2003 (the "Policy"), and respectfully refers the Court to the Policy for its full terms, conditions, endorsements, limitations, exclusions, premiums and any effect thereof, and denies all remaining allegations.

5. Denies the allegations contained in paragraphs 7, 10 and 11 of the Complaint, and denies all remaining allegations.

6. Denies the allegations contained in paragraph 8 of the Complaint, except admits that on or about July 13, 2004 St. Paul received a July 8, 2004 letter and respectfully refers the Court to said correspondence for its full content and meaning, and denies all remaining allegations.

**AS AND FOR A RESPONSE
TO THE FIRST CAUSE OF ACTION**

7. In response to paragraph 12 of the Complaint, St. Paul repeats and reiterates each and every response to paragraphs 1 through 11 of the Complaint as if fully set forth herein.

8. Denies the allegations contained in paragraphs 13, 14 and 15 of the Complaint.

## AS AND FOR A RESPONSE
## TO THE SECOND CAUSE OF ACTION

9. In response to paragraph 16 of the Complaint, St. Paul repeats and reiterates each and every response to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

10. Denies the allegations contained in paragraph 17 of the Complaint, except admits that St. Paul issued the Policy and respectfully refers the Court to the Policy for its full terms, conditions, endorsements, limitations, exclusions, premiums and any effect thereof, and denies all remaining allegations.

11. Denies the allegations contained in paragraphs 18 and 19 of the Complaint.

## AS AND FOR A FIRST DEFENSE

12. Plaintiff has failed to state any claim or cause of action for which relief can be granted.

## AS AND FOR A SECOND DEFENSE

13. Plaintiff is estopped from asserting any claims and its claims are barred, upon information and belief, by unclean hands, laches, waiver and/or estoppel.

## AS AND FOR A THIRD DEFENSE

14. Plaintiff's claims should be dismissed based on defenses founded upon documentary evidence.

## AS AND FOR A FOURTH DEFENSE

15. Upon information and belief, Plaintiff has failed to mitigate its alleged damages.

## AS AND FOR A FIFTH DEFENSE

16. The Policy provides in pertinent part:

**WHAT TO DO IF YOU HAVE A LOSS**

You or other protected persons are required to perform the duties described below when . . . an accident or incident happens that could result in liability damages covered under this policy. . .

**When This Policy Provides Liability Protection**

If an accident or incident happens that may involve liability protection provided in this policy, you or any other protected person involved must:

1. Notify the policy if a law may have been broken.
2. Tell us or our agent what happened as soon as possible. Do this even though no demand for damages has been made against you or any other protected person, but you or another protected person is aware of having done something that may later result in a demand for damages. This notice should include all of the following:

    – The time and place of the accident or incident;
    – The protected person involved;
    – The specific nature of the accident or incident including the type of demand for damages that may result; and
    – The names and addresses of any witnesses and injured people.

3. Send us a copy of all written demands. Also send us a copy of all legal documents if someone starts a lawsuit.
4. Cooperate and assist us in securing and giving evidence, attending hearings and trials, and obtaining the attendance of witnesses.
5. Not assume any financial obligation or pay out any money without our consent. But this rule doesn't apply to first aid given to others at the time of an accident.

* * * *

We agree that only the protected persons who:

-- are named below;
-- hold a position named or described below; or
-- hold a position within a department or unit named or described below:

Must tell us or our agent of an accident or incident as soon as possible after they know that the accident or incident may involve the liability

4

protection provided by this policy. . .

* * * *

Name or description:

* * * *

4. A member or manager if you are a limited liability corporation or

5. An insurance manager, risk manager, property manager or other employee you designate prior to loss to give notice to us.

17. Under the above provisions and/or any similar provision in the Policy, coverage is precluded by the above provisions and/or any similar provision(s) in the Policy or in any other related policy issued by St. Paul or any other related or affiliated entity due to Furnished Quarters' failure to timely and properly notify St. Paul (or any other related entity) of the alleged accident, incident, offense, claim and/or lawsuit at issue; failure to timely forward relevant legal documents; failure to cooperate; and/or failure to comply with the above provisions or similar provisions. The underlying incident allegedly occurred on or about October 26, 2002. Upon information and belief, Furnished Quarters and, at a minimum, its property manager knew or should have known about the underlying incident and/or claim on or about October 26, 2002. St. Paul was not provided with any notice or tender from Furnished Quarters until on or about July 13, 2004. Furnished Quarters is in violation of applicable law and in breach of the material provisions of the Policy and of any other relevant policy of insurance issued by St. Paul or any other related or affiliated entity and, therefore, neither St. Paul nor any other related or affiliated entity has any obligation to defend or to indemnify Furnished Quarters in connection with the Underlying Action herein, any related action or otherwise.

18. Additionally, even if Furnished Quarters had timely notified St. Paul or any other related or affiliated entity of the claim or incident at issue and timely provided copies of process, pleadings and other required documents, Furnished Quarters would in no event be entitled to defense costs incurred prior to the date it tendered said claims to St. Paul and/or to the extent they failed altogether to tender the underlying claim at issue.

## AS AND FOR A SIXTH DEFENSE

19. Plaintiff has failed to join all necessary and/or indispensable parties to this action, the absence of which creates the substantial risk that St. Paul will be exposed to prejudice. Such parties include, but are not limited to, the parties to the Underlying Action and any other possibly relevant insurers.

## AS AND FOR A SEVENTH DEFENSE

20. Plaintiff's claims are barred because Furnished Quarters failed to satisfy conditions precedent to coverage contained in the Policy and/or any other policy of insurance issued by any other related or affiliated entity that could be applicable to this claim: said conditions precedent include, but are not limited to, notice, assistance and cooperation.

## AS AND FOR AN EIGHTH DEFENSE

21. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to mitigate, minimize or avoid damages allegedly sustained in connection with the Underlying Action alleged herein.

## AS AND FOR A NINTH DEFENSE

22. Any obligation owed to the Plaintiff under the Policy or any other policy of insurance issued by any other related or affiliated entity that could be applicable to this

claim would be subject to and limited by the stated limits, deductibles, retained limits, self-insured retentions and retentions under any said policies.

## AS AND FOR A TENTH DEFENSE

23. Under the Policy and/or any other policy of insurance issued by any other related or affiliated entity that could be applicable to this claim, Plaintiff's action should be dismissed because of its failure to fully comply with all the terms of any such policy of insurance.

## AS AND FOR AN ELEVENTH DEFENSE

24. If at the time of trial, any issues herein have finally been determined against Plaintiff by a tribunal, forum or court, all of competent jurisdiction, then, in that event, said Plaintiff will be estopped from relitigating said issues under principles of res judicata, collateral estoppel, law of the case or otherwise.

## AS AND FOR A TWELFTH DEFENSE

25. Plaintiff's claims should be dismissed to the extent that all or part of the damages alleged in the Underlying Action do not arise out of or "bodily injury," "property damage," an "accident," "event" or "incident" under the Policy or any other relevant policy of insurance issued by any other related or affiliated entity.

## AS AND FOR A THIRTEENTH DEFENSE

26. The Complaint should be dismissed to the extent it concerns or relates to any alleged circumstances, accidents, losses, occurrences or damages that took place outside of any covered premises or of the effective dates of the Policy or any other relevant policy of insurance upon which Plaintiff is basing its claims.

## AS AND FOR A FOURTEENTH DEFENSE

27. Plaintiff's claims are barred in whole or in part by the terms, provisions, conditions, limitations and exclusions contained in the Policy and/or any other policy of insurance entered into by any other related or affiliated entity that could be applicable to this claim.

## AS AND FOR A FIFTEENTH DEFENSE

28. The St. Paul Policy provides in relevant part, as follows:

> **Exclusion – What This Agreement Won't Cover**
>
> **Control of Property.** We won't cover property damage to the following property:
>
> -- Property that you rent, lease, or borrow from others, own, or occupy. But we won't apply this exclusion part to premises damage.
>
> \* \* \* \*
>
> **Damage to Your Products or Completed Work.** We won't cover property damage to any of your products that's caused by your products themselves or by any of their parts. . . Nor will we cover property damage to you completed work that's caused by your completed work itself or by any of its parts. . .
>
> \* \* \* \*
>
> **Impaired Property.** We won't cover property damage to impaired property, or to property that isn't physically damages, that results from:
>
> -- your products that are faulty or dangerous; or
>
> -- your completed work that is faulty or dangerous. . .
>
> \* \* \* \*

29. Thus, the Policy would not cover any insured or alleged insured because and to the extent any claims against any said entity or individual fall within the above exclusion(s). St. Paul reserves all of its rights in this regard.

## AS AND FOR A SIXTEENTH DEFENSE

30. The St. Paul Policy provides in relevant part, as follows:

**Exclusions** – **What This Agreement Won't Cover**

**Contract Liability.** We won't cover injury or damage for which the protected person has assumed liability under any contract or agreement.

But we won't apply this exclusion to injury or damage for which the protected person would have liability without the contract or agreement.

Nor will we apply this exclusion to the liability of another to pay damages for:

– bodily injury or property damage sustained by others if you have assumed such liability under a covered contract made before the bodily injury or property damage happens. . .

\* \* \* \*

**Expected or intended bodily injury or property damage.** We won't cover bodily injury or property damage that's expected or intended by the protected person. Nor will we cover medical expenses that result from such bodily injury.

31. Thus, the Policy would not cover any insured or alleged insured because and to the extent any claims against any said entity or individual fall within the above exclusion(s). St. Paul reserves all of its rights in this regard.

## AS AND FOR A SEVENTEENTH DEFENSE

32. St. Paul reserves the right to assert additional defenses (contract based or otherwise) upon receipt and review of all documents and other materials or information relevant to this matter.

WHEREFORE, St. Paul demands judgment as follows:

      a.    dismissing the Complaint in its entirety;

      b.    awarding St. Paul expenses, costs and reasonable attorneys fees;

      c.    awarding St. Paul such other and further relief as the Court otherwise deems just and proper.

Dated: New York, New York
       April 28, 2008

          LAZARE POTTER GIACOVAS
          & KRANJAC LLP

          By: /s/ Marci Goldstein
          Stephen M. Lazare (SL-2243)
          Marci Goldstein (MG-1951)
          950 Third Avenue
          New York, New York 10022
          (212) 758-9300
          Attorneys for Defendant St. Paul Fire
          and Marine Insurance Company

TO:    Paul Kovner, Esq.
       Rubin, Fiorella & Friedman LLP
       292 Madison Avenue, 11th floor
       New York, NY 10017
       (212) 953-2381
       Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I, MARCI GOLDSTEIN, an attorney duly admitted to the practice of law in New York State and in the United States District Court for the Southern District of New York, certify the following to be true under the penalties of perjury:  on April 28, 2008, I served the within ANSWER on the parties listed below by electronic filing in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service.

>Paul Kovner, Esq.
>Rubin, Fiorella & Friedman LLP
>292 Madison Avenue, 11th floor
>New York, NY 10017
>(212) 953-2381
>Attorneys for Plaintiff

Dated: New York, New York
       April 28, 2008

/s/ Marci Goldstein